**STATE, ex rel HOWE CONSTRUCTION COMPANY, Relator, v. MOYER, Dir. of Dept. of Public Works, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4944.  Decided September 25, 1953.

Nelson Hovey, Akron, Dominic A. Olivo, Cuyahoga Falls, for relator.

Hon C. William O'Neill, Attorney General, Hugh A. Sherer, George C. McConnaughey, Jr., Assistant Attorneys General, Columbus, for respondent.

## OPINION

By THE COURT.

Submitted on motion of the respondent seeking an order dismissing the petition and rendering a judgment in its favor on the pleadings. The action is one in mandamus wherein relator seeks an order demanding the respondent to prepare and furnish an order on the Auditor of the State of Ohio for the payment of $2688.20 in its favor

The petition after setting forth the capacity of the parties, alleges that on or about the 29th day of November, 1949, relator entered into a written contract with the respondent for the construction of four certain buildings for the sum of $54,316.00; that said construction has been completed and that there is a balance due of $2688.20 for which the respondent has failed, neglected and refused to place an order with the Auditor of the State of Ohio for the payment of said sum.

To the petition an answer has been filed in which the respondent admits the contract as pleaded and the refusal to place an order with the Auditor of State for the payment of same.

Four separate defenses are then set up in which the respondent denies all the allegations in the petition not specifically admitted to be true; alleges that the relator failed to complete certain buildings in accordance with the plans and specifications in certain respects; alleges that by reason of relator's failure and refusal to complete the said construction the State of Ohio suffered damages in certain respects; alleges that the claim is uncertain and indefinite in amount and for such reason the extraordinary remedy of mandamus does not lie.

It is apparent from the pleadings that relator's claim is not liquidated and that its very existence is in dispute. Sec. 12283 GC, defines mandamus. It reads:

"Mandamus is a writ issued, in the name of the state, to an inferior tribunal. a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

It is well established that mandamus may be resorted to only when the right to the relief sought is clear. 25 O. Jur. 997, and cases cited. The duty must be actually ministerial at the time the application seeking its performance is made. **Summit County Board of Education v. State, 115 Oh St 333.** The respondent herein is vested with the discretionary power of determining whether or not the relator has complied with all of its contractual obligations The contract rights may not be determined in mandamus but can only be settled in actions at law. **City of Mount Vernon v. State, ex rel Berry, 71 Oh St 428.**

The principle that an unliquidated claim will not be adjudicated in a mandamus proceeding is clearly set forth in 34 Amer. Jur. 943:

"The general rule that mandamus will not lie to enforce contract rights

248

is held to be ground for denying a writ of mandamus to enforce a claim against a public corporation growing out of contract, where the performance of the contract by the relator and the amount and vitality of the claim are disputed."

Also, in 55 Corpus Juris Secundum, 85, the text provides:

"The primary purpose or function of a writ of mandamus is to enforce an established right, and to enforce a corresponding imperative duty created or imposed by law. It is designed to promote justice; and, for the furtherance of justice, it is subject to certain well-defined qualifications. Its principal function is to command and execute, and not to inquire and adjudicate, and, therefore, it is not the purpose of the writ to establish a legal right, but to enforce one which has already been established.

See, also, **State, ex rel Wilcox, v. Woldman, Dir. 157 Oh St 264**, and **Williams, Dir., v. State, ex rel Gibben, 127 Oh St 398**, wherein the same legal principles are sustained.

The motion will be sustained and judgment rendered in favor of the respondent.

WISEMAN, PJ, MILLER and HORNBECK, J, concur.